**LAKESHORE LAW CENTER**
**Jeffrey Wilens, Esq. (State Bar No. 120371)**
**Macy Wilens, Esq. (State Bar No. 328204)**
**18340 Yorba Linda Blvd., Suite 107-610**
**Yorba Linda, CA 92886**
**714-854-7205**
**714-854-7206 (fax)**
**jeff@lakeshorelaw.org**
**macy@lakeshorelaw.org**

**THE LAZZARO LAW FIRM, LLC**
**Anthony J. Lazzaro, Esq. (will apply pro hac vice)**
**Matthew S. Grimsley, Esq. (will apply pro hac vice)**
**34555 Chagrin Boulevard, Suite 250**
**Moreland Hills, Ohio 44022**
**Phone: 216-696-5000**
**Facsimile: 216-696-7005**
**anthony@lazzarolawfirm.com**
**matthew@lazzarolawfirm.com**

**Attorneys for Plaintiffs**

**UNITED STATES DISTRICT COURT,**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| BRITTANY HENDERSON, on behalf of herself and all other persons similarly situated, | ) Case No. _____ ) ) ) **Collective Action** |
| Plaintiff, | ) ) |
| v. | ) **COMPLAINT** ) **1. Violation of Fair Labor** |
| MOLINA HEALTHCARE, INC. | ) **Standards Act** ) |
| Defendants. | ) |

Plaintiff alleges as follows:

1

**INTRODUCTION**

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its non-exempt employees, including Plaintiff and other similarly situated employees, for all hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant's headquarters and principal place of business is located in this district, and a substantial part of the events and omissions giving rise to the claims occurred in this district.

**PARTIES**

4. At all times relevant herein, Plaintiff has been a citizen of the United States and a resident of Youngsville, Louisiana.

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. Defendant is a corporation for profit with a principal place of business in Long Beach, California.

7. At all times relevant herein, Defendant has conducted business in Ohio,

as well as across the Country.

8. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

9. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10.   At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiff and the putative class members were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Plaintiff's written consent to this action is attached hereto as Exhibit A.

13. Written consents to join this action, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

**FACTUAL ALLEGATIONS**

14. Defendant operates call centers that employ customer service representatives.

15. Defendant also employs customer service representatives who work remotely and perform the same tasks as customer service representatives who work at call centers.

3
COMPLAINT

16. Plaintiff was employed by Defendant as a remote customer service representative in Louisiana from approximately April 14, 2022 to October 20, 2022.

17. Plaintiff was employed with Defendant through a staffing agency.

18. Other similarly situated customer service representatives were either permanent employees of Defendant's or were temporary employees placed with Defendant by staffing agencies.

19. At all times relevant hereto, Defendant was an employer and/or joint employer of Plaintiff and other similarly situated temporary employees, as they were fully integrated into Defendant's business model, Defendant derives a substantial portion of its revenue from work performed by temporary customer service representatives, Defendant set its temporary customer service representatives' schedules and rates of pay; and Defendant has/had control over the conditions of employment of all its customer service representatives, including those who were placed with Defendant by staffing agencies.

20. Plaintiff and other similarly situated call center representatives had the same and/or substantially similar job duties and/or responsibilities and were subjected to the same policies and procedures.

21. Plaintiff and other similarly situated employees of Defendant are/were

COMPLAINT

non-exempt employees under the FLSA.

22.   Plaintiff and other similarly situated employees of Defendant are/were paid an hourly wage.

23.   Plaintiff and other similarly situated employees of Defendant regularly worked more than 40 hours per workweek.

(Failure to Pay for Time Spent Starting and Logging Into Computer

Systems, Applications, and Call System)

24.   Plaintiff and other similarly situated employees were required by Defendant to perform unpaid work before clocking in each day, including but not limited to starting and logging into Defendant's computer systems, numerous software applications, and phone system.

25.   Defendant arbitrarily failed to count this work performed by Plaintiff and other similarly situated employees as "hours worked."

26.   Plaintiff and other similarly situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

27.   This unpaid work performed by Plaintiff and other similarly situated employees was practically ascertainable to Defendant.

28.   There is no practical administrative difficulty of recording this unpaid work of Plaintiff's and other similarly situated employees. It could be

COMPLAINT

precisely recorded for payroll purposes simply by allowing employees to clock in and be paid before they started and logged into Defendant's computer systems, applications, and call system.

29.    This unpaid work performed by Plaintiff and other similarly situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

30.    Moreover, this unpaid work is an integral and indispensable part of other principal activities performed by Plaintiff and other similarly situated employees. They cannot perform their work without bringing up Defendant's computer systems, applications, and call system.

31. Plaintiff estimates that she spent approximately 10 to 20 minutes before her shift start times starting and logging into Defendant's computer systems, numerous software applications, and phone systems.

(Failure to Pay for Time Spent on Post-Shift Calls, Shutting Down Computer Systems, Applications, and Call System)

32.    Plaintiff and other similarly situated employees were required by Defendant to perform unpaid work after their shift ended each day including but not limited to shutting down and logging out of Defendant's computer systems, numerous software applications, and call system.

33.    Defendant arbitrarily failed to count this work performed by Plaintiff

and other similarly situated employees as "hours worked."

34.     Plaintiff and other similarly situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

35.     This unpaid work performed by Plaintiff and other similarly situated employees was practically ascertainable to Defendant.

36.     There was no practical administrative difficulty of recording this unpaid work of Plaintiff and other similarly situated employees.  It could have been precisely recorded for payroll purposes simply by allowing them to clock out after shutting down Defendant's computer systems, applications, and call system and before and after other meetings and work time.

37.     This unpaid work performed by Plaintiff and other similarly situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

38.     Moreover, this unpaid work was an integral and indispensable part of other principal activities performed by Plaintiff and other similarly situated employees.

39.     Plaintiff estimates that she spent approximately 5 minutes after her shift to logging out of and shutting down Defendant's computer systems,

COMPLAINT

numerous software applications, and phone systems.

(Failure to Pay for Time Spent Working but not Logged into Computer Systems)

40.   Defendant utilized a timekeeping system such that Plaintiff and similarly situated employees were not paid for all hours worked.

41.   Defendant paid Plaintiff and other similarly situated employees only for work performed while they were completely logged into Defendant's computer systems, software applications, and phone system.

42.   Plaintiff and similarly situated employees were not compensated for the time spent not logged into call programs or any other time spent working to log in or out of the computer systems, applications, and call system.

(Failure to Pay Overtime Compensation)

43.   As a result of Plaintiff and other similarly situated employees not being paid for all hours worked, Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

(Failure to Keep Accurate Records)

44.   Defendant failed to make, keep and preserve records of the unpaid work performed by Plaintiff and other similarly situated employees when

COMPLAINT

not clocked in.

(Defendant Willfully Violated the FLSA)

45.     Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

46.     Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

47.     The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> All former and current customer service representatives or persons with jobs performing substantially identical functions and/or duties to customer service representatives employed by Molina Healthcare, Inc. within the three (3) year period prior to the filing of this Complaint.

48.     Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of more than 500 persons.

49.     This action is maintainable as an "opt-in" collective action pursuant to

COMPLAINT

29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages.  Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

50.    These similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.  These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

### **COUNT ONE (Violations of Fair Labor Standards Act)**

51. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

52.    Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for work performed before clocking in each day violated the FLSA, 29 U.S.C. § 207, 29 C.F.R.§ 785.24.

53.    Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all work performed each day violates the

FLSA, 29 U.S.C. § 207, 29 C.F.R. § 785.24.

54.     Defendant's practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violates the FLSA, 29 U.S.C. § 207.

55.     Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violates the FLSA, 29 C.F.R. 516.2(a)(7).

56.     By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

57.     As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the class she represents actual damages for unpaid wages;

D. Award Plaintiff and the class she represents statutory liquidated damages;

E. Award Plaintiff and the class she represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class she represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class she represents further and additional relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

DATED:  December 13, 2022

Respectfully submitted,

By _____

JEFFREY WILENS
Attorney for Plaintiff

COMPLAINT

## **CONSENT FORM**

1.  I consent and agree to pursue my claims for unpaid overtime and/or minimum wages through a lawsuit or arbitration case filed against my employer.

2.  I understand that the claims are brought under the Fair Labor Standards Act and/or state wage and hour laws.  I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

3.  I intend to pursue my claim individually, unless and until the court or parties certify the case as a collective or class action.  If someone else serves as the class representative(s), then I designate the class representative(s) as my agent(s) to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with Plaintiff's counsel concerning fees and costs, the entering into a settlement agreement with my employer, and all other matters pertaining to this action.

4.  In the event the case is not conditionally certified or decertified after conditional certification, I authorize Plaintiff's counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.  In the event my claim must be brought in arbitration, I authorize Plaintiff's counsel to file a claim for arbitration on my behalf.

5.  I understand that Plaintiff's counsel agrees to represent me on a contingency fee basis without any prepayment of attorneys' fees or costs.  The fees and costs will either be subtracted from the total recovery obtained from my employer in the amount of thirty-three and one-third percent (33-1/3%) of my total recovery plus costs expended by Plaintiff's counsel on my behalf, or they may be paid separately by my employer.  If there is no recovery, Plaintiff's counsel will not be paid for their work on this case.

**Employer:**

Molina Healthcare


Signature:        *brittany henderson*                    Date:     Dec 13, 2022



Brittany Henderson

██████████
Youngsville, LA 70592
belinda6537@yahoo.com